UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                          No.  13-CR-271-LTS

LARRY GREEN,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Larry Green's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Docket Entry No. 988, the "Motion.")  On March 17, 2016, upon pleading guilty, Mr. Green was convicted of one count of participating in a conspiracy to distribute and possess with intent to distribute controlled substances, including one kilogram and more of mixtures and substances containing heroin, in violation of 21 U.S.C. section 841(b)(1)(A) and section 846.  (Docket Entry No. 585.)  On March 23, 2017, the Court sentenced him principally to 264 months of imprisonment, to be followed by an eight-year supervised release term.  (Docket Entry No. 839.)  Mr. Green is currently incarcerated at the Allenwood Medium Federal Correctional Institution ("FCI Allenwood," a medium security correctional facility in Pennsylvania), and is due to be released from Bureau of Prisons ("BOP") custody on July 12, 2033.  BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited November 12, 2020).

Mr. Green, who is 36 years old, seeks immediate release from custody, arguing principally that his medical condition of Type 1 diabetes, in the context of the ongoing COVID-19 pandemic and his incarceration at FCI Allenwood, constitutes an "extraordinary and compelling reason[ ]" to reduce his sentence.  (See Motion at 1-3; see also Docket Entry No.

1011 ("Reply") at 1-6.) On October 20, 2020, the Government filed its opposition to the Motion. (Docket Entry No. 997 ("Opp.").) On November 6, 2020, Mr. Green filed his reply. The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Green's Motion is denied.

## DISCUSSION

Mr. Green seeks an order directing his compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-188).[1] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).[2] "The

---

[1]   The Government does not dispute that Mr. Green has satisfied section 3582(c)(1)(A)'s exhaustion requirement. (See Opp. at 2; Motion at 3.)

[2]   As the Second Circuit's decision in Brooker made clear, "district courts are not bound by the policy statements issued by the Sentencing Commission" in determining whether reasons are "extraordinary and compelling." United States v. Bary, No. 98-CR-1023

defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors at the time of Mr. Green's sentencing hearing, on March 23, 2017, is reflected in the transcript of that hearing. (Docket Entry No. 840, "Sent. Tr.")[3]  As to the nature and circumstances of the offense, the Court noted that Mr. Green, a long-time member of a Bloods-affiliated gang in Paterson, New Jersey, "regularly sold brick quantities of heroin," and was "well known as an enforcer" for the gang who was "willing to commit violent acts as needed," including in July 2006, when Mr. committed the premeditated murder of Shawn Williams, a member of another local gang.  (Id. at 38.)  The Court also considered the circumstances of Mr. Green's childhood and his history of substance abuse "from the time he was a child," his criminal history, and the ongoing support and love of his family.  (Id. at 38-40.)  The Court then weighed the need to "protect the public, cement the deterrent effects of this prosecution, and promote respect for the law, as well as to punish Mr. Green for his serious criminal conduct," to allow the challenged community of

---

(LAK), 2020 WL 5946985, at *2 n.12 (S.D.N.Y. Oct. 7, 2020) (citing Brooker, 976 F.3d at 237-38).

[3]   The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 116-188).

Paterson, New Jersey "to take steps to address its drug and youth violence issues in an atmosphere of reduced violence and drug trafficking," and "to avoid unwarranted disparities," all of which counseled in favor of a "substantial incarceratory sentence given Mr. Green's conduct." (Id. at 41.)  In light of those factors, Mr. Green's age, the good aspects of his character, and the Court's ability to provide for an extended period of supervised release, the Court sentenced Mr. Green to a term of 264 months incarceration, a "small variance" downward from the applicable guidelines range (307 months to life imprisonment), as well as an eight-year term of supervised release.  (Id. at 41-42.)

In the approximately three and a half years since Mr. Green's sentencing, he has completed a drug abuse education course (Motion at 4), and has had a relatively clear disciplinary record (Opp. Ex. 2), facts which the Court considers in weighing Mr. Green's history and characteristics for purposes of this Motion.  In connection with section 3553(a)(2), the Court also considers that Mr. Green, who was arrested on February 26, 2014, has served only approximately 81 months of his 264-month custodial sentence.

With these section 3553(a) factors in mind, the Court next considers whether extraordinary and compelling reasons warrant a reduction in Mr. Green's sentence.  18 U.S.C.A. § 3582(c)(1)(A).  Mr. Green claims principally that his Type 1 diabetes places him at a heightened risk of severe illness from COVID-19 and, in the context of his incarceration at FCI Allenwood, provides an extraordinary and compelling reason that warrants such a sentence reduction.  Mr. Green reports that his diabetes sometimes causes him "bad sharp pains" in his chest, and that his low glucose levels, which are "all over the place," sometimes place him "in a delirium state" and make it hard for him to focus.  (Reply at 2.)  He also writes that the only methods of improving his condition are "dieting right and exercise," but that he cannot

adequately diet (because his facility's food service does not accommodate individualized requests) or exercise (because of COVID-19-related lockdowns at FCI Allentown). (Id.)

The Court appreciates that Mr. Green's diabetes condition is both genuine and serious, and that the ongoing COVID-19 pandemic limits, to an extent, his ability to care for himself at FCI Allentown. However, according to the Centers for Disease Control ("CDC"), Type 1 diabetes is a condition that merely "might" cause a person to be "at an increased risk for severe illness from the virus that causes COVID-19[.]" CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 12, 2020). Moreover, Mr. Green is only 36 years old, placing him in an age group with a relatively lower risk of severe illness resulting from COVID-19 infection, see United States v. Skelos, No. 15-CR-317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.") (collecting sources), and he reports no other significant medical issues. (See also Docket Entry No. 848 (Presentence Report) ¶ 111 ("The defendant characterized his health as 'good.' He reported no history of chronic illnesses, medical conditions, or hospitalizations. [Mr.] Green advised that he does not take any prescribed medication.").) The Court also notes that, while at FCI Allenwood, Mr. Green has received regular care for his diabetes condition. (See Opp. at 3 & Ex. A.) These facts weigh against a finding of "extraordinary and compelling" reasons warranting a reduction in sentence based on Mr. Green's health.

Moreover, the record before the Court reflects that FCI Allenwood, where Mr. Green is currently in custody, has been relatively successful at containing the spread of COVID-19 among its inmate population. In its opposition submission, the Government reported that, as

of October 20, 2020, FCI Allenwood had 21 inmates who had tested positive for COVID-19 but had not yet recovered.  (Opp. at 2 n.1).  As of the date of this Order, however, FCI Allenwood reports no active cases of COVID-19 among its inmate population, and that a total of 116 inmates have recovered from their COVID-19 infections at FCI Allenwood since the beginning of the pandemic.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited November 12, 2020).  Especially in light of Mr. Green's relative youth, and the apparent success of COVID-19 control measures at his facility, the presence of one health condition that "might" place him at a higher risk of severe illness from COVID-19 and the fact of the pandemic do not constitute extraordinary and compelling reasons warranting his release at this time.  See also United States v. Brown, No. 3:16-CR-00019 (VAB), 2020 WL 6536911, at *5 (D. Conn. Nov. 6, 2020) (quoting United States v. Cleveland, No. 12-CR-6109 (FPG), 2020 WL 5651607, at *3 (W.D.N.Y. Sept. 23, 2020)) ("[W]hile the situation [at FCI Allenwood Medium] is not ideal, neither is it dire, unlike that of many BOP facilities.  Indeed, the risk of contracting COVID-19 is present outside prison as well."); United States v. Dussard, No. 16-CR-673-2 (GBD), 2020 WL 6263575, at *2 (S.D.N.Y. Oct. 23, 2020) ("While [FCI Allenwood] has certainly not been immune to the virus, the Government notes that steps have been taken to mitigate the risk of exposure to other inmates[.]").  See also United States v. Ramirez-Vargas, No. 13-CR-83S (WMS), 2020 WL 6390077, at *6 (W.D.N.Y. Nov. 2, 2020) (denying motion for compassionate release brought by inmate with diabetes, notwithstanding an earlier COVID-19 outbreak at FCI Miami, where "conditions there now appear to be improving, with only four inmate and 23 staff cases").

Having considered the relevant facts and applicable section 3553(a) factors, including Mr. Green's health condition, and the surrounding circumstances at the facility in

which he is currently in custody, the Court concludes that the sentence imposed on Mr. Green remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not currently warrant a reduction in Mr. Green's sentence.

## CONCLUSION

For the reasons set forth above, Mr. Green's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied.  An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered.  Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Green.

Docket Entry No. 988 is resolved.

SO ORDERED.

Dated: New York, New York
November 12, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to:**

Larry Green
Reg. No. 05844-748
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887