UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                       No.  13-CR-271-LTS

LARRY GREEN,

        Defendant.

-------------------------------------------------------x

## Order

The Court has received and reviewed Defendant's motion for reconsideration (Docket Entry No. 1037, "Motion") of the Court's Memorandum Order denying his motion for compassionate release (Docket Entry No. 1014, "Mem. Ord."), as well as the Government's opposition (Docket Entry No. 1057), and Defendant's reply.[1]

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).  Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[1]  Defendant's reply ("Reply"), received by the Court on February 12, 2021, attaches copies of Defendant's medical records.  The Court will file a redacted copy of Defendant's Reply on the public docket, and will file the unredacted Reply under seal.

clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

In his Motion, Defendant principally argues that his medical records "reflect that [he] suffers from Type II diabetes[,] a more severe condition than Type I diabetes"—the condition addressed in the Court's Memorandum Order denying Defendant's motion for compassionate release—and that he is therefore at "an increased risk of severe illness from COVID-19." (Motion at 5-6; Reply at 2 & Ex. A.) Defendant also identifies additional evidence and case law in support of his claim that he is more likely to contract COVID-19 at his facility (Federal Correctional Institution ("FCI") Allenwood Medium) (Motion at 7-12; Reply at 2-3)—where, Defendant reports, a third outbreak of COVID-19 occurred in late 2020 (Motion at 12-15)—than he would be if released.

In the Court's Memorandum Order denying Defendant's motion for compassionate release, the Court acknowledged that Defendant's condition of Type 1 diabetes might place him at an increased risk of severe illness from COVID-19. (Mem. Ord. at 5.) In his Motion, Defendant correctly identifies one reference to Type 2, rather than Type 1, diabetes in one of his medical records from 2018 (Reply at Ex. A), and notes that the Centers for Disease Control and Prevention ("CDC") identify Type 2 diabetes as a condition which does—rather than "might"—place an individual at an increased risk of severe illness from COVID-19. CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited February 22, 2021). However, the vast majority of the hundreds of pages of Defendant's medical records submitted to this Court refer to his condition at Type 1, rather than Type 2, diabetes. (See Docket Entry Nos. 997-1, 1057-1.) As to Defendant's additional proffer concerning his risk of contracting

COVID-19 at FCI Allenwood Medium, while the Court acknowledges that the "[Bureau of Prisons]'s mitigation measures do not, and cannot, eliminate completely the risk of COVID-19," United States v. Ortega, No. 02-CR-348-LTS, 2020 WL 3402914, at *3 (S.D.N.Y. June 19, 2020), the Court also notes that the third COVID-19 outbreak at Defendant's facility appears to have subsided—with no inmates or staff currently reported as positive for COVID-19—and the BOP's efforts to distribute the COVID-19 vaccine at its facilities are underway.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited February 22, 2021).  More importantly, the Court's application of the 18 U.S.C. section 3553(a) factors (see Mem. Ord. at 3-4) continues to weigh heavily against Defendant's release.  The Court therefore concludes that, even assuming that Defendant suffers from Type 2 rather than Type 1 diabetes, and is more likely to contract COVID-19 at FCI Allenwood Medium than he would be if released from custody, "the sentence imposed on [him] remains appropriate and consistent with section 3553(a), and [ ] extraordinary and compelling reasons do not currently warrant a reduction in Mr. Green's sentence."  (Id. at 6.)

       For the reasons stated above, Defendant's motion for reconsideration is denied.

       This Order resolves Docket Entry No. 1037.

    SO ORDERED.

Dated: New York, New York
       February 22, 2021

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  United States District Judge

**Copy mailed to:**

Larry Green
Reg. No. 05844-748
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887